UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PRIMO C NOVERO,

    Plaintiff,

v.                                                        Case No: 5:16-cv-571-Oc-39PRL

DUKE ENERGY, URS ENERGY AND
CONSTRUCTION INC. and CDI
CORPORATION

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's motion to compel responses by Defendants to discovery that he promulgated. (Doc. 40).

As Defendants' point out, Plaintiff's motion is due to be denied on procedural grounds because it fails to comply with the requirements of the Local Rules for the Middle District of Florida. (Doc. 47). Specifically, Plaintiff failed to confer with opposing counsel prior to filing the

instant motion as required by Local Rule 3.01(g),[1] and the motion fails to comply with the substantive requirements of Local Rule 3.04(a).[2]

Moreover, based on the current posture of the case (i.e., the pending report recommending that Plaintiff's complaint be dismissed in its entirety with leave to amend), it is unknown whether Plaintiff's claims will continue on the existing Complaint or whether he will be required to file an amended complaint. This is significant because in resolving discovery disputes, relevancy and proportionality are the guiding principles: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). In order to determine the scope of discovery the Courts and the parties must consider and evaluate "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* ("The parties and the court have a collective

---

[1] Rule 3.01(g) states, "[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists."

[2] Rule 3.04(a) states, "[a] motion to compel discovery pursuant to Rule 36 or 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules."

responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Comment, 2015 Amendment). Here, without knowing what claims are being asserted, the Court cannot conduct the necessary analysis.

Accordingly, it is ORDERED:

1. Plaintiff's motion to compel is **DENIED without prejudice**.

2. Plaintiff is reminded again that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.[3]

3. Defendants' motion to file under seal (Doc. 49) is terminated as **moot**.

**DONE** and **ORDERED** in Ocala, Florida on July 31, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).